UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AIN JEEM, INC.,

    Plaintiff,
v.                                   Case No. 8:21-cv-1331-VMC-AEP

THE INDIVIDUALS,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

    Defendants.
_____/

**ORDER**

This matter comes before the Court sua sponte. For the reasons set forth below, Defendant and Counterclaimant Hall of Fame Sports Memorabilia, Inc's counterclaims (Doc. # 51) are dismissed as a shotgun pleading.

**I.   Background**

Plaintiff and Counterclaim-Defendant Ain Jeem, Inc., initiated this trademark infringement action against Defendants on June 1, 2021. (Doc. # 1). On July 12, 2021, Hall of Fame filed its answer and counterclaims. (Doc. # 51). Hall of Fame asserts the following counterclaims against Ain Jeem: declaratory judgment (Count I), breach of contract (Count II), and tortious interference with contractual relations (Count III). (Id. at ¶¶ 39-59).

## II. Discussion

The Court has an independent obligation to dismiss a shotgun pleading. "If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene sua sponte and order a repleader." McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc., No. 6:08-cv-1978-GAP-KRS, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009) (emphasis omitted). This applies to counterclaims as well. See, e.g., CEMEX Constr. Materials Fla., LLC v. Armstrong World Indus., Inc., No. 3:16-cv-186-MMH-JRK, 2016 WL 9383319, at *1-2 (M.D. Fla. Mar. 4, 2016) (sua sponte dismissing a counterclaim as a shotgun pleading).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a [counterclaim] containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a counterclaim that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a counterclaim that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a counterclaim that "assert[s] multiple claims against multiple [counterclaim-defendants] without specifying which of the

2

[counterclaim-defendants] are responsible for which acts or omissions, or which of the [counterclaim-defendants] the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the [counterclaim-defendants] adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Here, Hall of Fame's counterclaims are a shotgun pleading because they fall within the first category identified in Weiland. Counts II and III roll all preceding allegations into each count. (Doc. # 51 at ¶¶ 48, 54). Indeed, Count II begins by stating: "[Hall of Fame] restates and incorporates herein by reference the averments set forth in paragraphs 1 through 47 of its Counterclaims." (Id. at ¶ 48). This includes paragraphs 39 through 47, which form Count I. (Id. at ¶¶ 39-47). And, Count III begins by stating: "[Hall of Fame] restates and incorporates herein by reference the averments set forth in paragraphs 1 through 53 of its Counterclaims." (Id. at ¶ 54). This includes paragraphs 39 through 47 and 48 through 53, which form Count I and Count II, respectively. (Id. at ¶¶ 39-53). This is impermissible. See Weiland, 792 F.3d at 1322 (identifying "a complaint

containing multiple counts where each count adopts the allegations of all preceding counts" as a shotgun complaint).

Accordingly, Hall of Fame's counterclaims are dismissed as a shotgun pleading. See Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam) (affirming the district court's sua sponte dismissal of a shotgun pleading). Still, the Court grants leave to amend. See Madak v. Nocco, No. 8:18-cv-2665-VMC-AEP, 2018 WL 6472337, at *3 (M.D. Fla. Dec. 10, 2018) ("Because the Complaint is a shotgun complaint, repleader is necessary[.]").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant and Counterclaimant Hall of Fame Sports Memorabilia, Inc's counterclaims (Doc. # 51) are sua sponte **DISMISSED** as a shotgun pleading.

(2) Hall of Fame may file amended counterclaims that are not a shotgun pleading by **July 20, 2021.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of July, 2021.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE