UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AIN JEEM, INC.,

    Plaintiff,
v.                              Case No. 8:21-cv-1331-VMC-AEP

THE INDIVIDUALS,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Carl Puckett d/b/a Devildogstreasure's pro se Petition and Application for Injunctive Relief and Motion for Sanctions and Temporary Restraining Order (Doc. # 86), filed on July 22, 2021. Plaintiff Ain Jeem, Inc., responded on July 26, 2021. (Doc. # 131). For the reasons set forth below, the Motion is denied.

**I.  Background**

Ain Jeem initiated this trademark infringement action against seventy-seven Defendants, including Puckett, on June 1, 2021. (Doc. # 1; Doc. # 6 at 2). Ain Jeem alleges that "Defendants are promoting, selling, offering for sale, and distributing goods using counterfeits and confusingly similar

1

imitations of Ain Jeem's trademarks . . . through various Internet based e-commerce stores." (Doc. # 1 at ¶ 1). The trademarks in question are the "Kareem Abdul-Jabbar Standard Character Mark" and the "KAR33M Logo." (Id. at ¶¶ 28-29). The complaint includes the following claims against Defendants: trademark counterfeiting and infringement pursuant to Section 32 of the Lanham Act (Count I), false designation of origin pursuant to Section 43(A) of the Lanham Act (Count II), common law unfair competition (Count III), and common law trademark infringement (Count IV). (Id. at ¶¶ 49-73).

On June 7, 2021, Ain Jeem filed an ex parte motion for entry of temporary restraining order and order restraining transfer of assets (Doc. # 7), which the Court granted on June 8, 2021. (Doc. # 8). Among other things, the order enjoins Defendants from selling products bearing the Kareem Abdul-Jabbar trademarks and restrains the transfer of Defendants' funds. (Id. at 7-12). Pursuant to several extensions, the temporary restraining order is scheduled to expire on August 3, 2021. (Doc. ## 15, 29, 81).

In addition to the temporary restraining order, Ain Jeem has moved for a preliminary injunction. (Doc. # 14). A hearing on the motion was held before the Honorable Anthony E. Porcelli, United States Magistrate Judge, on July 14, 2021.

(Doc. # 64). Shortly after the hearing, Judge Porcelli entered a report and recommendation recommending that the motion be granted in substantial part. (Doc. # 80). The deadline to object to this recommendation has not yet elapsed. (Id.).

On July 14, 2021, Puckett, acting pro se, filed an answer to the complaint, as well as counterclaims against Ain Jeem. (Doc. # 69 at 5). Puckett alleges the following causes of action against Ain Jeem:

> The plaintiff intentionally and with careless disregard misrepresented a good sold by Etsy.com in def.'s store as counterfeit or infringing. Plaintiff's false actions caused a tortious interference with defe.'s business contracts and plaintiff's false claims presented to the court ex parte with intent to unlawfully cause defendant extreme financialy [sic] hardship from which def request exemplary actv [sic]

(Id.). In alleging damages, however, Puckett specifies that the counterclaim is against Kareem Abdul-Jabbar, who is not named in the underlying suit. (Id. at 6).

Now, Puckett files a pro se motion seeking a variety of relief, including an order vacating the Court's order granting the temporary restraining order, sanctions against Ain Jeem and its agents and counsel, a temporary restraining order against Ain Jeem, dismissal of the complaint, an order striking certain declarations from the record, an increase in Ain Jeem's bond to $2 million, and disbarment of Ain Jeem's

counsel. (Doc. # 86 at 1-3). Ain Jeem has responded (Doc. # 131), and the Motion is ripe for review.

## II. Discussion

"This Court provides pro se parties wide latitude when construing their pleadings and papers." Sec. & Exch. Comm'n v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). "When interpreting the pro se papers, the Court should use common sense to determine what relief the party desires." Id. Still, pro se litigants "must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida." Espinosa v. U.S. Gov't, No. 8:12-cv-2818-MSS-AEP, 2013 WL 624132 (M.D. Fla. Jan. 9, 2013), report and recommendation adopted, No. 8:12-cv-2818-MSS-AEP, 2013 WL 624125 (M.D. Fla. Feb. 20, 2013).

In his Motion, Puckett claims he "was never properly served all documents required to be served upon him" – specifically a number of documents filed in a separate case before the Honorable Kathryn K. Mizelle, United States District Judge. (Doc. # 86 at 9). That case was filed by Ain Jeem against various defendants and also includes claims for trademark infringement. Ain Jeem, Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A", No. 8:21-cv-1082-KKM-CPT (M.D. Fla. May 5, 2021) (Doc. # 1).

4

However, neither Puckett nor Devildogstreasure are parties to that lawsuit. (Id.). And, Ain Jeem is not required to serve Puckett with documents from an unrelated case to which he is not a party. See Fed. R. Civ. P. 5(a) (listing service requirements). Accordingly, the Motion is denied to the extent it is based on Ain Jeem's improper service or Ain Jeem's counsel's statements regarding such service.

Next, Puckett claims that Ain Jeem's counsel, Richard Guerra, presented "false testimony" in declaring that he requested Defendants' products "to be shipped to an address in Florida" because the item ordered by Ain Jeem was actually shipped to an address in California. (Doc. # 86 at 11). However, Guerra did not declare in this case that any items were shipped and received in Florida. Rather, his affidavit provides only that he "*requested* each product to be shipped to an address in . . . Florida." (Doc. # 7-1 at ¶ 5 (emphasis added)). Therefore, an item eventually shipping to California neither contradicts this statement, nor does it constitute proof of a misrepresentation.

Puckett provides no other argument or support for the remedies he seeks in this Motion. Construing the Motion liberally, the Court can evince no other basis to grant the requested relief. Additionally, the Court notes that the

5

Motion fails to comply with Local Rule 3.01(g) insofar as it seeks dismissal of the complaint, an order striking Ain Jeem's counsel's declarations, or sanctions against Ain Jeem. See Local Rule 3.01(g), M.D. Fla. ("Before filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion. . . . At the end of the motion and under the heading 'Local Rule 3.01(g) Certification,' the movant: (A) must certify that the movant has conferred with the opposing party, (B) must state whether the parties agree on the resolution of all or part of the motion, and (C) if the motion is opposed, must explain the means by which the conference occurred.").

Therefore, the Motion is denied. See Deeb v. Saati, No. 1:17-cv-21204-KMM, 2017 WL 8890872, at *1-2 (S.D. Fla. Nov. 8, 2017) (denying a conclusory pro se motion to dismiss); see also Desrocher v. Manchester Body & Fender, Inc., No. CIV 94-604-SD, 1995 WL 102872, at *1 (D.N.H. Mar. 9, 1995) ("Moreover, a [relaxed] standard does not equate with no standard at all. . . . Thus, notwithstanding its lack of cited legal authority, [pro se] defendant Cilwa's motion further evidences a strikingly inadequate factual basis upon which

6

the court can begin to fashion a remedy."); <u>Cooperativa de Ahorro y Credito Empleados Municipales de Arecibo v. Echelon Cap. Mgmt. Grp., Inc.</u>, 899 F. Supp. 2d 183, 183-84 (D.P.R. Oct. 18, 2012) ("Defendants are acting pro-se, and as such, the Court will grant Defendants' motion to dismiss 'a liberal reading.' . . . Nevertheless, Defendants' motion to dismiss is simply too bare-bones, too vague, too conclusory and far too underdeveloped for the Court to be able to properly evaluate Defendants' contentions for dismissal. Quite simply, '[i]t is not our job to put flesh on the bare bones of an underdeveloped argument.'" (citations omitted)).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Carl Puckett d/b/a Devildogstreasure's pro se Petition and Application for Injunctive Relief and Motion for Sanctions and Temporary Restraining Order (Doc. # 86) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>27th</u> day of July, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

7