UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


AIN JEEM, INC.,

      Plaintiff,

v.                                  Case No. 8:21-cv-1331-VMC-AEP

THE INDIVIDUALS, PARTNERSHIPS,
AND UNICORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

      Defendant.

_____/

## **ORDER**

      This cause came before the Court for a hearing upon (1) Plaintiff's Motion for Reconsideration of Order Granting Defendant Carl Puckett's Motion to Proceed *In Forma Pauperis* (Doc. 228) and (2) Defendant Carl Puckett's Motion to Strike Plaintiff's Motion for Reconsideration of Order Granting Defendant Carl Puckett's Motion to Proceed *In Forma Pauperis* and Motion for Sanctions (Doc. 233). Primarily, Plaintiff seeks reconsideration of the undersigned's Order permitting Carl Puckett to proceed on appeal *in forma pauperis*, while Defendant Carl Puckett opposes Plaintiff's requested relief. As discussed more fully during the hearing, the temporary restraining order in effect and the request for a preliminary injunction pending at the time Carl Puckett initiated his appeal are no longer at issue. Namely, the temporary restraining order, along with its restraint upon Carl Puckett's Etsy and PayPal accounts, expired without further renewal, and Plaintiff withdrew its

request for a preliminary injunction against DEVILDOGSTREASURE (Doc. 218), the entity which Defendant Carl Puckett is doing business as and over which he maintains control.  As it stands currently, therefore, no restraints or other injunctive relief are in place against DEVILDOGSTREASURE or Carl Puckett, thereby rendering those issues moot.

Additionally, to the extent Plaintiff seeks to appeal any other matters, his request to proceed *in forma pauperis* is denied.  Upon further review, and given the removal of the freeze or other restraints on the accounts of Defendant Carl Puckett and DEVILDOGSTREASURE, Defendant Carl Puckett fails to qualify as indigent for purposes of 28 U.S.C. § 1915.  During the undersigned's initial consideration of Defendant Carl Puckett's application to appeal *in forma pauperis*, the undersigned considered Defendant Carl Puckett's statements that his accounts were frozen due to the restraints set forth in this action in determining that he could not access funds sufficient to pay the filing fee.  Given that Defendant Carl Puckett can now access his accounts and the funds contained therein and appears to maintain sufficient funds between income received and assets owned by both he and his wife, Marcella Puckett, he does not qualify as indigent for proceeding *in forma pauperis* on appeal.[1]

*See* 28 U.S.C. § 1915; *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307

---

[1]  During the hearing, Marcella Puckett represented that she is the wife of Defendant Carl Puckett.  Marcella Puckett has initiated her own lawsuit against Plaintiff as well as its legal counsel and sought to proceed *in forma pauperis* in that action.  *See Puckett v. Ain Jeem, Inc.*, Case No. 8:21-cv-1834-CEH-SPF (M.D. Fla.). Notably, in that action, United States Magistrate Judge Sean Flynn concluded that Marcella Puckett did not qualify as indigent. *Puckett v. Ain Jeem, Inc.*, Case No. 8:21-cv-1834-CEH-SPF (Doc. 7).

(11th Cir. 2004) (discussing the factors a court should consider on an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915).

As indicated in the undersigned's prior Order, pursuant to Rule 24(a), Federal Rules of Appellate Procedure, a party in a district-court action seeking to appeal *in forma pauperis* must file a motion in the district court and attach an affidavit that shows the party's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the issues that the party intends to present on appeal.  Fed. R. App. P. 24(a)(1)(A)-(C).  As with a request to proceed *in forma pauperis* in a district-court action, a court considering a request to proceed *in forma pauperis* on appeal must keep in mind its mandate to dismiss a case at any time if it determines the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  If the district court denies a motion to proceed *in forma pauperis* on appeal, the court must state its reasons in writing.  Fed. R. App. P. 24(a)(2).  When a district court denies a motion to proceed *in forma pauperis* on appeal, the district court clerk must immediately notify the parties and the court of appeals.  Fed. R. App. P. 24(a)(4)(A).

Here, Defendant Carl Puckett's request to proceed *in forma pauperis* is denied because the issues he seeks to appeal have been rendered moot and, to the extent any appealable issues remain, he does not qualify as indigent under 28 U.S.C. § 1915.  Accordingly, it is hereby

3

ORDERED:

1.      Plaintiff's Motion for Reconsideration of Order Granting Defendant Carl Puckett's Motion to Proceed *In Forma Pauperis* (Doc. 228) is GRANTED.

2.      The Order granting Defendant Carl Puckett's Motion to Proceed *In Forma Pauperis* (Doc. 217) is VACATED.

3.      Defendant Carl Puckett's Motion to Proceed *In Forma Pauperis* (Doc. 158) is DENIED.  The Clerk is directed to notify the United States Court of Appeals for the Eleventh Circuit of the denial of the motion to proceed *in forma pauperis* on appeal.

4.      Defendant Carl Puckett's Motion to Strike Plaintiff's Motion for Reconsideration of Order Granting Defendant Carl Puckett's Motion to Proceed *In Forma Pauperis* and Motion for Sanctions (Doc. 233) is DENIED.

DONE AND ORDERED in Tampa, Florida, on this 27th day of October, 2021.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:     Counsel of Record
        Defendant Carl Puckett, *pro se*

4