UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AIN JEEM, INC.,

     Plaintiff,

v.                                                            Case No. 8:21-cv-1331-VMC-AEP

THE INDIVIDUALS,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

     Defendants.

_____/

## **ORDER**

This cause comes before the Court upon Defendant Carl Puckett's ("Puckett") Motion for Judicial Disqualification Pursuant to 28 U.S.C. §§ 144 and 455(a) (Doc. 268). By the motion, Puckett asserts that, under 28 U.S.C. §§ 144 and 455, the undersigned should be disqualified based upon the undersigned's findings set forth in a July 14, 2021 Report and Recommendation (Doc. 66), a July 21, 2021 Report and Recommendation (Doc. 80), during an October 26, 2021 hearing, and in a subsequent October 27, 2021 Order (Doc. 236). As Puckett provided no basis for disqualification or recusal, his motion is denied.

Namely, both 28 U.S.C. §§ 144 and 455 govern the recusal of a federal district judge on the grounds of bias, prejudice, or lack of impartiality. *See United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985); *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). Under 28 U.S.C. § 144, where a party

proceeding in district court timely files a "sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party, such judge shall proceed no further therein." The affidavit must set forth the facts and the reasons for the party's belief that bias or prejudice exists, and, notably, the "party may file *only one such affidavit* in any case." 28 U.S.C. § 144 (emphasis added). Under 28 U.S.C. § 455, a judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test under 28 U.S.C. § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (citation and internal quotation marks omitted). A judge should thus disqualify himself only if a reasonable person would question his or her impartiality, or if the judge harbors a personal bias against a party. "A party's complaints regarding 'judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel' are not sufficient to require recusal," however. *Brown v. U.S. Pat. & Trademark Off.*, 226 F. App'x 866, 869 (11th Cir. 2007) (quoting *Liteky v. United States,* 510 U.S. 540, 556 (1994)).

Allegations of bias sufficient to require disqualification under either 28 U.S.C. §§ 144 and 455 must indicate that the alleged bias is personal as opposed to judicial in nature. *Meester*, 762 F.2d at 884 (citations omitted). "The alleged bias 'must stem from an extrajudicial source and result in an opinion on the merits on

some basis other than what the judge learned from his participation in the case.'" *Id.*
(quoting *United States v. Clark,* 605 F.2d 939, 942 (5th Cir. 1979) (*per curiam*)).[1] A
motion seeking disqualification therefore may not ordinarily be based on the judge's
rulings in the same case. *Liteky,* 510 U.S. at 555 ("[J]udicial rulings alone almost
never constitute a valid basis for a bias or partiality motion."); *Meester,* 762 F.2d at
884. Indeed, the opinions formed by a judge based on facts introduced or events
occurring during judicial proceedings do not form a basis for a bias or a partiality
challenge unless they display a deep-seated favoritism or antagonism that would
make fair judgment impossible. *Liteky,* 510 U.S. at 555. Likewise, judicial remarks
during litigation that are "critical or disapproving of, or even hostile to, counsel, the
parties, or their cases" does not generally form a valid basis for a bias or partiality
challenge. *Id.* An exception to the general rule that the bias must stem from an
extrajudicial source exists where "such pervasive bias and prejudice is shown by
otherwise judicial conduct as would constitute bias against a party." *Meester,* 762
F.2d at 885 (citation and internal quotation marks omitted). Notably, however, a
judge should not recuse from an assigned case based upon "unsupported, irrational
or highly tenuous speculation." *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th
Cir. 1999) (*per curiam*) (citation and internal quotation marks omitted); *Giles v.
Garwood*, 853 F.2d 876, 878 (11th Cir. 1988) (*per curiam*) (citation omitted).

---

[1] In *Bonner v. City of Prichard*, *Ala.*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh
Circuit adopted as precedent all decisions of the former Fifth Circuit decided prior to
October 1, 1981.

Primarily, Puckett repeats the same arguments throughout his motion regarding "extreme favoritism for the plaintiff and extreme bias/prejudice against [] Puckett" (Doc. 268, at 9), asserting the following:

> The Magistrate District Court Judge Honorable Anthony E. Porcelli not only failed to dismiss the shotgun complaint but acted in extreme favoritism for the Plaintiff and bias and prejudice against the defendant in scouring the shotgun complaint to construct a report and recommendations [*sic*] to be proceeded on and giving the appearance of lawyering on behalf of the plaintiff. Coupled with the magistrates [*sic*] failure to conduct an actual review of the evidence as required further erodes public confidence in the courts and in this case, has emboldened the Plaintiff's counsel to continue to intentionally misrepresent the facts of the case committing additional fraud against the defendant without concern for accountability for such egregious conduct.

(Doc. 268, at 10).[2]   Puckett does not claim that the undersigned engaged in extrajudicial activities that would warrant disqualification.  Rather, Puckett claims this case involves one of the rare instances where pervasive bias and prejudice is shown by judicial conduct.  Significantly, to support his claims of pervasive bias and prejudice, Puckett critiques the undersigned's case management, findings, and decisions in the instant matter that have not resulted in his favor and reargues his theories about the dismissal of the underlying complaint as a shotgun pleading. Puckett's claims simply do not warrant disqualification.  Instead, his claims for disqualification are better suited as objections or an appeal for the District Judge's consideration of the undersigned's findings and recommendations.  *See, generally,*

---

[2] The undersigned also permitted Puckett an opportunity to submit a reply brief in support of his position, which Puckett subsequently submitted (*see* Docs. 287, 297, 302).  In his reply brief, Puckett reiterates the arguments set forth in the initial motion (Doc. 302).

4

*Liteky*, 510 U.S. at 555 (noting that judicial rulings, almost invariably, "are proper grounds for appeal, not for recusal").  Accordingly, after careful consideration, it is hereby

ORDERED:

1.    Puckett's Motion for Judicial Disqualification Pursuant to 28 U.S.C. §§ 144 and 455(a) (Doc. 268) is DENIED.

IT IS SO ORDERED in Tampa, Florida on this 23rd day of May, 2022.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:    Counsel of Record
Defendant Carl Puckett, *pro se*